[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

No. 11-11129
Non-Argument Calendar
_____

Agency No. A095-949-624

DIEGO GOMEZ MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 28, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Diego Gomez Martinez, a native and citizen of Colombia, appeals the Board

of Immigration Appeals's decision affirming the Immigration Judge's denial of his

application for asylum and withholding of removal.  The IJ ruled that Martinez's asylum application was untimely and that he was not credible with respect to his claims for withholding of removal and CAT relief.  The BIA observed that Martinez had not challenged the IJ's finding that his application for asylum was untimely and also concluded that he had not shown any changed or extraordinary circumstances that would excuse the untimely filing.   The BIA upheld the IJ's adverse credibility determination on the withholding claim.  It dismissed Martinez's appeal.

Martinez contends that the BIA erred in denying his asylum application because he established that he suffered persecution, but he fails to address the BIA's finding that his asylum application was time-barred.  Martinez also challenges the adverse credibility finding that led to the denial of his withholding claim, arguing that he corroborated his claim and that there were no inconsistencies between his asylum application and his testimony at the removal hearing.

I.

We review de novo our subject matter jurisdiction.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).  An alien cannot apply for asylum unless he demonstrates "by clear and convincing evidence that the

2

application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction "to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005); see also 8 U.S.C. § 1158(a)(3). Here, the BIA concluded that Martinez's asylum application, which was filed nine years after he entered this country, was time-barred. Furthermore, Martinez did not even challenge the IJ's untimeliness finding before the BIA, so that claim is unexhausted. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We lack jurisdiction to review the denial of Martinez's asylum application, and we dismiss his petition for review of that issue.

## II.

As for the denial of withholding of removal, we review the BIA's decision, which did not expressly adopt the IJ's opinion. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). The BIA determined that the IJ did not clearly err in its adverse credibility determination and that Martinez had failed to address directly some of the inconsistencies in the record.

Congress amended the law regarding credibility determinations for asylum and withholding of removal applications, like Martinez's, which were filed after

3

May 11, 2005.  See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (discussing the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302).  Under the applicable standard credibility determinations are based on the totality of the circumstances and all relevant factors "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).  The denial of withholding of removal can be based solely on an adverse credibility determination, particularly if the applicant fails to produce corroborating evidence.  See Chen, 463 F.3d at 1231.  Once an adverse credibility finding is made, the burden shifts to the applicant to show that finding is not supported by "specific, cogent reasons" or was not based on substantial evidence.  Id. at 1232 (quotation marks omitted).  We will not overturn an adverse credibility finding unless the record compels us to do so.  Id.

The record does not compel the conclusion that the adverse credibility determination was erroneous.  The totality of the circumstances support the decision.  Among other things, Martinez's statements about an alleged 1999 FARC assassination attempt were inconsistent.  In his asylum application he recounted that he heard a motorcycle, looked up, and then gunmen immediately began firing on him.  During his testimony at the removal hearing, he recounted that he saw the men from far off—30 meters away, in fact—they donned masks,

4

rode up to him, and then fired. He also testified that the men shot four bullets into his home, which was a crucial detail he omitted from his application. Martinez produced no documentation or testimony to corroborate his account of the event. And his explanation about why he did not file a police report was inherently implausible: Martinez did not tell the police that FARC was trying to kill him because if he had, FARC would try to kill him. Martinez also could not explain why a letter explaining his role in a Colombian political group that he requested three months before his removal hearing in 2010 was dated 1995.

The BIA's adverse credibility determination is supported by specific, cogent reasons, including discrepancies about the 1995 letter and the scope of Martinez's membership and responsibilities in a political group and his inconsistent accounts of the shooting incident and failure to offer corroborating evidence of that event. Because the record does not compel reversal of the BIA's adverse credibility determination, we deny Martinez's petition on his claim for withholding of removal.[1]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[1]Because Martinez did not raise any argument regarding the BIA's dismissal of his CAT claim, that issue has been abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).